**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMONT HALL, and | CIVIL ACTION NO. |
| ALVIN LETT, individually and on behalf | |
| of all others similarly situated, | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| LITTLE CAESARS ENTERPRISES, INC., | JURY TRIAL DEMANDED |
| NANDISH PATEL, | |
| SUO FANG, | |
| PHOENIX NEXUS, | |
| DELRAN NJ LC LLC, | |
| HAMILTON LC LLC, | |
| YAEDON LC LLC, | |
| FOULK RD DE LC LLC | |
| GOVERNORS PL DE LC LLC, | |
| LATIMER LC LLC, | |
| ABC CORPORATIONS 1-100, and | |
| JOHN DOES 1-100; | |
| | |
| Defendants. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT & INDIVIDUAL CLAIMS**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**CIVIL CONSPIRACY, AND NEGLIGENCE**

Plaintiffs LAMONT HALL and ALVIN LETT (collectively "Plaintiffs"), individually and

on behalf of all others similarly situated, by and through their attorneys, Malamut & Associates,

allege upon information and belief as follows:

**I.      BACKGROUND**

1.      Plaintiffs, individually and on behalf of all others similarly situated, bring this

action for unpaid overtime wages against Defendant PHOENIX NEXUS, a management company

that employs hundreds of individuals to work at more than 40 Little Caesar franchises in multiple

states, including the Commonwealth of Pennsylvania; six individual franchises; the owners and/or

managers-in-fact of PHOENIX NEXUS and its Little Caesar franchises, NANDISH PATEL and

SUO FANG.; and LITTLE CAESARS ENTERPRISES, INC.

2.     Each of the Little Caesar franchises staffed by Defendant PHOENIX NEXUS

employees is owned by its own distinct LLC, which acts as a joint employer with Defendant

PHOENIX NEXUS.

3.     Defendant PHOENIX NEXUS, its owners and upper-level management, and the

various Little Caesar franchises they own, operate, or otherwise control, have implemented a

wage-theft scheme to deprive their employees of their owed overtime wages.

4.     Although Defendant LITTLE CAESARS ENTERPRISES, INC. retains substantial

control over its franchisees, and it knew or should have known of its co-Defendants' wage-theft

scheme, Defendant LITTLE CAESARS ENTERPRISES, INC. failed to take any meaningful

action to terminate the illegal wage-theft scheme.

5.     Plaintiffs now bring this collective action against the Defendants for all remedies

to which they are entitled under federal law.

6.     Plaintiff LAMONT HALL and Plaintiff ALVIN LETT also bring individual claims

for retaliation under the Fair Labor Standards Act.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under the Collective Action Provision of

the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). As

alleged herein, Defendants have underpaid a hundred or more hourly wage workers their owed

overtime wages in multiple states.

8.      This court can exercise supplemental jurisdiction over the pending state law claims.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as all Defendants are subject to personal jurisdiction in the Commonwealth of Pennsylvania, all but one Defendant reside in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. The one Defendant who does not reside in this District, Defendant LITTLE CAESARS ENTERPRISES, INC., has availed itself to this District.

## III.    THE PARTIES

### a.    Plaintiffs

#### i.    Lamont Hall

10.     Plaintiff LAMONT HALL is an adult individual who resides in the State of Delaware.

11.     In or around September 2021, Plaintiff LAMONT HALL was hired by Defendant PHOENIX NEXUS, and began working at stores it owned, managed, or otherwise controlled in the State of Delaware.

12.     Plaintiff LAMONT HALL worked in excess of 40 hours during one or more work weeks and did not receive overtime rates for the overtime hours he worked.

13.     On or about January 14, 2022, Plaintiff LAMONT HALL complained to upper-level management that he was not being paid at overtime rates, including to a manager named Candace and an Acting Area Manager named Chen.

14.     On January 16, 2022, Chen sent Plaintiff a text message in which he instructed Plaintiff LAMONT HALL to meet him at work to drop off his key and to pick up his W-2.

15.     In truth and in fact, Plaintiff LAMONT HALL was terminated in retaliation for requesting that he be paid his earned overtime wages to which he was entitled under the Fair Labor Standards Act.

###### ii.     Alvin Lett

16.     Plaintiff ALVIN LETT is an adult individual who resides in the State of Delaware.

17.     In or around June 2021, Plaintiff ALVIN LETT was hired by Defendant PHOENIX NEXUS, and began working at stores it owned, managed, or otherwise controlled in the State of Delaware.

18.     Plaintiff ALVIN LETT worked in excess of 40 hours during one or more work weeks and did not receive overtime rates for the overtime hours he worked.

19.     On or about January 28, 2022, Plaintiff ALVIN LETT complained to upper-level management that he was not being paid at overtime rates, including to an Acting Area Manager named Chen.

20.     Soon after, Chen terminated Plaintiff ALVIN LETT.

21.     In truth and in fact, Plaintiff ALVIN LETT was terminated in retaliation for requesting that he be paid his earned overtime wages to which he was entitled under the Fair Labor Standards Act.

**b.     Defendants**

22.     Defendant LITTLE CAESARS ENTERPRISES, INC. is a business entity headquartered in Michigan and registered to do business in the Commonwealth of Pennsylvania, which owns, franchises, operates, manages, or is otherwise engaged in business with its stores and franchisees in numerous States, including the Commonwealth of Pennsylvania.

23.     Defendant PHOENIX NEXUS is a business entity with its headquarters and principal place of business located in Langhorne, Pennsylvania, which owns, operates, manages, or is otherwise engaged in business with multiple Little Caesar stores in multiple states, including the Commonwealth of Pennsylvania, and which includes the stores owned and/or operated by Defendant DELRAN NJ LC LLC, Defendant HAMILTON LC LLC, Defendant YAEDON LC LLC, Defendant FOULK RD DE LC LLC, Defendant GOVERNORS PL DE LC LLC, and Defendant LATIMER LC LLC.

24.     Defendant DELRAN NJ LC LLC is a business entity incorporated in Pennsylvania and registered to do business in New Jersey, with its principal place of business, an individual Little Caesars store, located at 1971 North Olden Avenue, Ewing, New Jersey 08618, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

25.     Defendant HAMILTON LC LLC is a business entity incorporated in Pennsylvania and registered to do business in New Jersey, with its principal place of business, an individual Little Caesars store, located at 1209 Hamilton Avenue, Trenton, New Jersey 08629, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

26.     Defendant YAEDON LC LLC is a business entity incorporated in Pennsylvania and registered to do business in New Jersey, with its principal place of business, an individual Little Caesars store, located at 624 North White Horse Pike, Somerdale, New Jersey 08083, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

27.     Defendant FOULK RD DE LC LLC is a business entity incorporated in Pennsylvania and registered to do business in Delaware, with its principal place of business, an individual Little Caesars store, located at 2500 Foulk Road, Wilmington, Delaware 19810, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

28.     Defendant GOVERNORS PL DE LC LLC is a business entity incorporated in Pennsylvania and registered to do business in Delaware, with its principal place of business, an individual Little Caesars store, located at 1013 Governors Place, Bear, Delaware 19701, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

29.     Defendant LATIMER LC LLC is a business entity incorporated in Pennsylvania and registered to do business in Delaware, with its principal place of business, an individual Little Caesars store, located at 1401 Latimer Circle, Wilmington, Delaware 19805, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESARS ENTERPRISES, INC. and Defendant PHOENIX NEXUS, INC.

30.     Defendants PHOENIX NEXUS, DELRAN NJ LC LLC, HAMILTON LC LLC, YAEDON LC LLC, FOULK RD DE LC LLC, GOVERNORS PL DE LC LLC, and LATIMER LC LLC, and other business entities whose identities are not yet known, who are pleaded in the Complaint as ABC CORPORATIONS 1-100, are herein collectively referred to as the "PHOENIX DEFENDANTS".

31.     Defendant NANDISH PATEL is an adult individual who at all times material hereto has resided in Pennsylvania.

32.     Defendant NANDISH PATEL is the owner and/or Chief Executive Officer and/or Managing Member of each of the PHOENIX DEFENDANTS and/or the manager-in-fact of the PHOENIX DEFENDANTS.

33.     Defendant SUO FANG is an adult individual who at all times material hereto has resided in Pennsylvania.

34.     Defendant SUO FANG is an owner and/or Vice President of Operations of Defendant PHOENIX NEXUS and/or the manager-in-fact of the PHOENIX DEFENDANTS.

35.     Defendants, ABC CORPORATIONS 1-100 and/or JOHN DOES 1-100 are fictitious names representing one or more persons, partnerships, corporations, or other entities, whose identities are presently unknown to Plaintiff, and who are liable to Plaintiff as fully and completely as set forth herein as to any other Defendant and/or as "employers" as defined under the Fair Labor Standards Act. Despite diligent inquiry, the identities of these fictitious defendants are not known and will be more specifically named as the ongoing course of discovery reveals. Such fictitious defendants are liable to the Plaintiff for their own wrongful acts and omissions, and through vicarious liability, agency, and/or the doctrine of *respondeat superior* for the wrongful acts and omissions of any other named or fictitious defendant. Such wrongful acts may include, but are not limited to, the wrongful acts and omissions of Defendants and/or any other person or entity involved, as described herein this Complaint.

## IV.     FACTS COMMON TO ALL COUNTS

### a.     Corporate Hierarchy

36.     At all times material hereto, Defendant LITTLE CAESAR ENTERPRISES, INC. was and is engaged in franchise agreements with the PHOENIX DEFENDANTS.

37.     Defendant LITTLE CAESAR ENTERPRISES, INC. retained substantial control over the day-to-day operations of the PHOENIX DEFENDANTS.

38.     As one example, Defendant LITTLE CAESAR ENTERPRISES, INC. requires its franchisees and their employees to use its chosen time entry system – Zip Clock – to record all hours worked by each employee.

39.     As another example, Defendant LITTLE CAESAR ENTERPRISES, INC. also requires the PHOENIX DEFENDANTS to use its Caesar Vision software to track orders and sales.

40.     Zip Clock and Caesar Vision are two of several computer programs that comprise Defendant LITTLE CAESAR ENTERPRISES, INC.'s centralized software and data management systems ("Little Caesar's Systems").

41.     Defendant LITTLE CAESAR ENTERPRISES, INC. requires all of its franchisees to use its Little Caesar's Systems in the operation of their respective stores.

42.     Defendant LITTLE CAESAR ENTERPRISES, INC. retains the rights and ability to monitor all data collected by its Little Caesar Systems from all of its franchisee-owned locations, and to investigate and/or remedy any misconduct by any of the franchisees as demonstrated through the software programs and the data compiled therefrom.

43.     Defendant LITTLE CAESAR ENTERPRISES, INC. also requires its franchisees and management companies to agree to adhere to its corporate policies and procedures, routinely performs reviews of its franchisees, and investigates complaints submitted against stores by employees and customers.

44.     Defendant PHOENIX NEXUS owns and/or manages, operates, or otherwise controls more than 40 Little Caesar franchise in multiple states, including but not limited to Pennsylvania, Delaware, New Jersey, and New York.

45.     The PHOENIX DEFENDANTS share common ownership and management under the supervision and control of their sole owner, Defendant NANDISH PATEL.

46.     Defendant SUO FANG, the Vice President of Operations of Defendant PHOENIX NEXUS, in concert with Defendant NANDISH PATEL, controls the day-to-day operations of Defendant PHOENIX NEXUS and the operations of Defendant DELRAN NJ LC LLC, Defendant HAMILTON LC LLC, Defendant YAEDON LC LLC, Defendant FOULK RD DE LC LLC, Defendant GOVERNORS PL DE LC LLC, and Defendant LATIMER LC LLC.

47.     Defendant NANDISH PATEL and Defendant SUO FANG create and enforce all policies and procedures of the PHOENIX DEFENDANTS, except those created and enforced (or not enforced) by Defendant LITTLE CAESAR ENTERPRISES, INC.

48.     In truth and in fact, the PHOENIX DEFENDANTS are controlled and operated by Defendant NANDISH PATEL and Defendant SUO FANG as one singular enterprise.

49.     Defendant PHOENIX NEXUS recruits, hires, trains, manages, supervises, disciplines, and fires workers employed to work at Little Caesars stores in multiple states, including those owned by the PHOENIX DEFENDANTS.

50.     Defendant PHOENIX NEXUS provides employee staffing and management services to more than 40 Little Caesar stores, including the franchises owned by Defendant DELRAN NJ LC LLC, Defendant HAMILTON LC LLC, Defendant YAEDON LC LLC, Defendant FOULK RD DE LC LLC, Defendant GOVERNORS PL DE LC LLC, and Defendant LATIMER LC LLC.

51.     Although the employees are told they are employees of Defendant PHOENIX NEXUS, the employees receive their paychecks directly from the entity that owns the local store in which the employees work, including Defendant DELRAN NJ LC LLC, Defendant

HAMILTON LC LLC, Defendant YAEDON LC LLC, Defendant FOULK RD DE LC LLC, Defendant GOVERNORS PL DE LC LLC, and Defendant LATIMER LC LLC, depending on their specific work assignments.

52.     Acting in concert, the PHOENIX DEFENDANTS have implemented a sophisticated wage theft scheme that allows them to reap substantial financial gains by not paying employees their earned overtime wages or a portion thereof.

53.     Defendant LITTLE CAESAR ENTERPRISES, INC. has the contractual right and abilities, as the franchisor, to supersede the authority of and/or force compliance on the PHOENIX DEFENDANTS, Defendant NANDSH PATEL, and Defendant SUO FANG, under certain circumstances, but has acquiesced to the PHOENIX DEFENDANTS, Defendant NANDSH PATEL, and Defendant SUO FANG, in their clear and rampant violations of its policies and procedures as well as state and federal laws.

       **b.**     **<u>Wage & Hour Violations</u>**

54.     Plaintiffs and all other employees similarly situated are all individuals who work for, or have worked for, the PHOENIX DEFENDANTS, Defendant NANDSH PATEL, and Defendant SUO FANG within the applicable statute of limitations.

55.     Plaintiffs and all other employees similarly situated were paid hourly wages for their work.

56.     State and federal laws require employees to be paid at their normal wage rates for the first 40 hours they work in any given week, and for employees to be paid one-and-a-half times their normal rates (commonly referred to as "overtime rate" or "time-and-a-half") for all time worked in excess of the first 40 hours.

57.     Plaintiffs and Class Members regularly worked in excess of 40 hours in a given week.

58.     During his employment, Plaintiff LAMONT HALL learned and reported to his District Manager that he was not being paid overtime rates for overtime hours he worked.

59.     After being informed of the unpaid overtime wages, a management-level employee confirmed that Plaintiff LAMONT HALL, and other present and past employees of the PHOENIX DEFENDANTS, did work in excess of 40 hours in one or more weeks and were not paid overtime rates for the overtime hours they worked during those weeks.

60.     Plaintiffs were just two of many individuals whose labor was exploited and who were victimized by this wage theft scheme.

61.     The wage theft scheme of the PHOENIX DEFENDANTS was willful and intentional.

62.     Present and past employees of the PHOENIX DEFENDANTS who worked at the stores owned by Defendant DELRAN NJ LC LLC, Defendant HAMILTON LC LLC, Defendant YAEDON LC LLC, Defendant FOULK RD DE LC LLC, Defendant GOVERNORS PL DE LC LLC, and Defendant LATIMER LC LLC, were not paid overtime rates for the overtime hours they worked.

63.     In addition, numerous stores owned, operated, or otherwise controlled by the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG, in numerous states, employ the same wage-theft scheme in order to withhold overtime pay from their employees, and said stores are business entities pleaded in this Complaint as ABC CORPORATIONS 1-100, and are included in the definition of "PHOENIX DEFENDANTS," as defined in Paragraph 30 of this Complaint.

64.     In fact, this wage theft scheme was and is the *modus operandi* of the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG, as they acted in concert to deprive workers of their earned wages.

65.     PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG also actively sought to cover up their wage theft scheme by terminating employees who became aware of the scheme, including but not limited to Plaintiffs and a former District Manager, Robert Hampton, and preventing employees from accessing their paystubs.

66.     The wage theft scheme impacted, and continues to impact, all of the former and current employees who were and/or are paid by the hour and will impact future employees until the Defendants cease their illegal activities.

67.     Absent judicial intervention, present and future hourly-wage employees of Defendants LITTLE CAESARS ENTERPRISES, INC., the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG will continue to suffer economic damages.

68.     By engaging in this wage theft scheme, the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG profit doubly, by keeping overtime wages owed to their employees and by keeping money owed to the state and federal governments for payroll taxes and other tax obligations.

69.     By engaging in this pattern and practice of wage theft and tax fraud, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant SUO FANG have reaped, and will continue to reap, substantial financial gains.

70.     Those financial gains have been used to finance their personal expenses and to grow and expand their business interests of the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG in multiple states.

71.     By reinvesting the illicit proceeds of their wage theft scheme into their otherwise legitimate business ventures, which are presently named in this Complaint as ABC Corporations 1-100, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant SUO FANG have been able to further amass substantial profits and continue to enjoy the fruits of their employees' underpaid labor.

72.     Defendant LITTLE CAESAR ENTERPRISES, INC. also shared in the profits of the PHOENIX DEFENDANTS, directly and/or indirectly, while having knowledge of the PHOENIX DEFENDANTS' serious and persistent violations of corporate policies and procedures.

 **c.**  **Defendant LITTLE CAESAR ENTERPRISES, INC. failed to act/intervene against the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG**

73.     By way of the franchise contracts and/or the employment contracts and the actual performance of services rendered by Plaintiffs and all other employees similarly situated, Defendant LITTLE CAESAR ENTERPRISES, INC. retained control over and/or actively participated in the manner, means, and supervision of the work performed by Plaintiffs and all other employees similarly situated.

74.     In addition, Defendant LITTLE CAESAR ENTERPRISES, INC. retained control of much of the operations of the PHOENIX DEFENDANTS, including the means of collecting and tracking hours worked by employees and monitoring and forcing compliance on its stores that were not in compliance with its policies and procedures.

75.     Defendant LITTLE CAESAR ENTERPRISES, INC. retained significant control over the Little Caesars brand, employee dress code, and the policies and procedures governing day-to-day operations of its stores.

76.     Defendant LITTLE CAESAR ENTERPRISES, INC. also retained the ability to perform quality and compliance checks on its stores and to investigate allegations of violations of its policies and procedures.

77.     Before and during all times material hereto, Defendant LITTLE CAESAR ENTERPRISES, INC. has formally and informally reprimanded the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant SUO FANG on numerous occasions for violations of Defendant LITTLE CAESAR ENTERPRISES, INC.'s contracts, rules, policies, and procedures, but it has failed to take any meaningful steps to remedy the issues of unpaid and underpaid wages, discrimination, and retaliation at their stores.

78.     Upon information and belief, Defendant LITTLE CAESAR ENTERPRISES, INC. has placed one or more of the PHOENIX DEFENDANTS on probationary status, or its equivalent, on one more than one occasion, before and during the periods of time material hereto.

79.     Defendant LITTLE CAESAR ENTERPRISES, INC. has received multiple complaints concerning unpaid or underpaid wages, via its website submission portal and orally, concerning the PHOENIX DEFENDANTS and/or other franchisees.

80.     In response, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to reasonably and adequately respond to, investigate, or otherwise remedy the conduct of the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant SUO FANG.

81.     Defendant LITTLE CAESAR ENTERPRISES, INC. failed on countless occasions to prevent the conditions that led to unpaid and underpaid wages suffered by Plaintiffs and all other employees similarly situated.

82.     For example, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to use its Zip Clock time management system to confirm employees were not receiving overtime wages.

83.     Defendant LITTLE CAESAR ENTERPRISES, INC. had complete control over the Zip Clock system, and the website complaint portal, and therefore it had actual or constructive notice that employees were working over 40 hours each week and of the unpaid and underpaid wages at issue.

84.     Further, Defendant LITTLE CAESAR ENTERPRISES, INC. is on notice that other franchisees have been sued in other jurisdictions in recent years for violations of state and federal wage and hour laws, including in New York in or around 2017, and in California in or around 2019, and yet has taken no measures to prevent the same conduct by other franchisees.

85.     Defendant LITTLE CAESAR ENTERPRISES, INC. could have and should have taken measures to intervene, or cease, the operations of the PHOENIX DEFENDANTS and/or its illegal wage practices, but instead placed profits over its people and turned a blind eye to the illicit conduct of the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant SUO FANG.

**V.      Class Action Allegations**

86.     Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

87.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves, respectively, and all other persons similarly situated ("Class Action Class Members" or "members of the Class Action Class").

88.     The proposed Nationwide Class ("Class Action Class") is defined to include:

> **All current and former employees of any one or more of the PHOENIX DEFENDANTS, who, within <u>two</u> years of the date of filing this Complaint, and during the course of their employment with one or more of the PHOENIX DEFENDANTS in any jurisdiction, worked in excess of 40 hours in any one week and were not compensated with overtime rates for their overtime work.**

89.     The members of the proposed Class Action Class, being geographically disbursed and possibly numbering in the hundreds, are so numerous that joining all of them is impracticable.

90.     Plaintiffs' claims are typical of the claims of the Class Action Class because the claims are based on the same legal and remedial theories.

91.     Plaintiffs will fairly and adequately protect the interests of all Class Action Class Members in the prosecution of this action and in the administration of all matters relating to the claims stated herein.

92.     Plaintiffs are similarly situated with, and have suffered similar injuries as, the Class Action Class Members that they seek to represent.

93.     Plaintiffs have retained counsel experienced in complex litigation and class action cases.

94.     Neither Plaintiffs nor counsel have any interest that may cause them to not vigorously pursue this action.

95.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because:

> a.   The damages sustained by individual members of the Class are in amounts that may be too small to justify the expense of separate lawsuits. The individual claims in the aggregate, however, make litigation financially feasible;

b.   Concentration of the litigation concerning this matter in this Court is desirable;

c.   Failure of justice will result from the absence of a class action; and

d.   The Class and the difficulties likely to be encountered in the management of this class action are not great.

96.   There are questions of law and fact common to the members of the Class that predominate over questions of law or fact affecting only individual members. These questions of law or fact are common to all members of the Class include, but are not limited to:

a.   Whether Defendants, the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG, conspired to commit wage theft and steal overtime wages from their employees for their own profit.

b.   Whether Defendants, the PHOENIX DEFENDANTS, NANDISH PATEL, and SUO FANG, committed wage theft by failing to pay overtime rates to their employees, stealing the overtime wages, and keeping them for their own profit

c.   Whether Defendant LITTLE CAESARS ENTERPRISES, INC. owed a duty to Plaintiffs and Class Action Class Members to protect them from the wage-theft scheme.

d.   Whether Defendant LITTLE CAESARS ENTERPRISES, INC. breached the duty it owed to Plaintiffs and Class Action Class Members by failing to protect them from the wage-theft scheme.

e.   Whether injunctive relief is required to halt Defendants' continuous violations of state and federal law.

## CLASS ACTION CLAIMS & PRAYER FOR RELIEF

### COUNT ONE
**Civil Conspiracy**
*Plaintiffs, individually and on behalf of Class Action Class Members, against*
*Phoenix Defendants, Nandish Patel, and Suo Fang*

97.     Plaintiffs repeat and re-allege the allegations set forth in all other paragraphs of this Complaint as if they were set forth in full herein.

98.     Acting in concert, the PHOENIX DEFENDANTS, and the owners and upper-level management of those companies, and their employees and agents, and Defendant NANDISH PATEL and Defendant SUO FANG, conspired in devising and implementing a wage theft scheme to deprive their workers of overtime wages for overtime hours they worked.

99.     Failure to pay overtime rates is an unlawful practice under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 216 et seq., and under the laws of all states in which the PHOENIX DEFENDANTS operate.

100.     The co-conspirators succeeded in their wage theft scheme and achieved substantial profits as the result of their collective success.

101.     As a result of the successful conspiracy, Plaintiffs and Class Action Class Members suffered and continue to suffer damages.

102.     The co-conspirators have reinvested some or all of the unpaid wages back into their operations, which have allowed them to expand their operations and reap additional profits off the backs of their underpaid workers.

103.     Lastly, the outrageous, intentional, and malicious actions of the PHOENIX DEFENDANTS, and its owners and upper-level managers, and Defendant NANDISH PATEL and Defendant SUO FANG, justify the imposition of punitive damages.

**COUNT TWO**
**Negligence**
*Plaintiffs, individually and on behalf of Class Action Class Members, against*
*Little Caesars Enterprises, Inc.*

104.   Plaintiffs repeat and re-allege the allegations set forth in all other paragraphs of this Complaint as if they were set forth in full herein.

105.   As set forth above, at all times material, Plaintiffs and the Class Action Class Members were employees or agents acting within the course and scope of their employment and/or agency with the PHOENIX DEFENDANTS and Defendant LITTLE CAESAR ENTERPRISES, INC.

106.   As a franchisor that maintained substantial ability to control, in whole or in part, the operations of the PHOENIX DEFENDANTS, Defendant LITTLE CAESAR ENTERPRISES, INC. owed a duty to all of its employees and/or agents and the employees and/or agents of its franchisees, to protect them from violations of state and federal wage payment laws and anti-retaliation laws, of which Defendant LITTLE CAESAR ENTERPRISES, INC. knew or should have known were occurring in its franchisees owned, operated, managed, or otherwise controlled, in whole or in part, by the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant SUO FANG.

107.   Defendant LITTLE CAESAR ENTERPRISES, INC. breached that standard of care owed to Plaintiff by: (1) failing to establish, monitor, and/or enforce compliance with its policies and procedures on time keeping and paying owed wages, and (2) failing to appropriately intervene in the operations of its franchisees upon learning of its violations of state and federal laws.

108.   But for Defendant LITTLE CAESAR ENTERPRISES, INC.'s failure to monitor and timely intervene in the operations of the PHOENIX DEFENDANTS, Plaintiffs and proposed Class Action Class Members would not have fallen victim to the wage-theft scheme described

herein.

109.    As a direct result of these and other wrongful acts and omissions of Defendant LITTLE CAESAR ENTERPRISES, INC., Plaintiffs and Class Action Class Members were caused to suffer damages, including economic losses and/or emotional distress, and they will continue to incur such injuries and/or damages into the future.

**WHEREFORE**, Plaintiffs request that the Court issue an Order and grant Judgment to Plaintiffs and the Class Members as follows:

A.  Certifying this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Naming Plaintiffs as the representatives of the members of the Class Action Class;

C.  Appointing Malamut & Associates, LLC as Class Counsel for all purposes in this action;

D.  An award of damages for all unpaid wages;

E.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

F.  An award for punitive damages;

G.  An award commensurate to the financial gains reaped by the Defendants by keeping and reinvesting the fruits of their illicit wage-theft scheme back into their business operations;

H.  Judgement for any and all civil penalties to which the Plaintiffs and Class Action Class Members may be entitled;

I.   Granting Plaintiffs and the members of the Class Action Class such other and further relief, including, without limitation, injunctive and equitable relief, as the Court deems just in all the circumstances;

J.   Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity;

K.   Granting Plaintiffs an Incentive or Service Award reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

L.   Such other and further relief as this Court deems just and proper.

### <u>COLLECTIVE ACTION CLAIM & PRAYER FOR RELIEF</u>

### <u>COUNT THREE</u>
**Collective Action for Violations of the Fair Labor Standards Act**
*Plaintiffs, individually and on behalf of Collective Action Class Members, against Phoenix Defendants, Nandish Patel, Suo Fang, and Little Caesars Enterprises, Inc.*

110.   Plaintiffs repeat and re-allege the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

111.   At all times relevant hereto, Defendants were subject to the in violation of the Fair Labor Standards Act, 29 U.S.C. § 216 <u>et</u> <u>seq</u>.  ("FLSA").

112.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches, and Defendants NANDISH PATEL, SUO FANG, and LITTLE CAESARS ENTERPRISES, INC., were "employers" under the FLSA.

113.    At all relevant times, the PHOENIX DEFENDANTS, NANDISH PATEL, SUO FANG, and LITTLE CAESARS ENTERPRISES, INC. acted as, and continue to act as, joint employers under the FLSA and relevant case law.

114.    Defendants NANDISH PATEL and SUO FANG were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

115.    Further, Defendants NANDISH PATEL and SUO FANG were the individuals who devised, implemented, and enforced the wage-theft scheme that resulted in the FLSA violations discussed herein.

116.    At all relevant times, the PHOENIX DEFENDANTS, NANDISH PATEL, SUO FANG, and LITTLE CAESARS ENTERPRISES, INC., their corporate subsidiaries, and their corporate branches, were "engaged in commerce" within the meaning of the FLSA.

117.    At all relevant times, the PHOENIX DEFENDANTS' and LITTLE CAESARS ENTERPRISES, INC.'s gross revenues were in excess of $500,000 per year.

118.    At all relevant times, Plaintiffs and similarly situated employees were "employees" of the Defendants under the FLSA.

119.    Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to the Plaintiff and similarly situated employees.

120. The PHOENIX DEFENDANTS, NANDISH PATEL, SUO FANG, and LITTLE CAESAR ENTERPRISES, INC. failed to pay Plaintiffs and employees overtime wages for time worked in excess of 40 hours in any given week, in violation of the FLSA.

121. As a result, Plaintiffs and similarly situated employees have suffered damages, including but not limited to unpaid overtime wages.

122. Plaintiffs bring this action pursuant to the Collective Action Provision of the FLSA, 29 U.S.C. § 216(b), on behalf of a class consisting of themselves and similarly situated employees ("Collective Action Class"), defined as:

> **All current and former employees of any one or more of the PHOENIX DEFENDANTS, who, within three years of the date of filing this Complaint, and during the course of their employment with one or more of the PHOENIX DEFENDANTS in any jurisdiction, worked in excess of 40 hours in any one week and were not compensated with overtime rates for their overtime work.**

> Plaintiff reserves the right to amend the collective action definition.

123. A collective action is appropriate because the employees as described above perform the same or similar job functions, were subject to the same or similar unlawful practices, and have claims that are based on the same or similar factual and legal theories.

124. A precise number of members of the collective is currently unknown but would be easily computed by looking at Defendants' payroll records.

125. Upon information and belief, the amount of employees in the collective exceeds 100.

126. Defendants' failure to pay Plaintiffs and similarly situated employees was a universal policy that did not depend on the personal circumstances of any individual Plaintiff or member of the collective.

127.    As a result of the foregoing, Plaintiffs and employees similarly situated to them were denied the wages they earned, and were denied overtime wages, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216 (b).

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated employees, respectfully request that the Court issue an Order granting the following relief:

A.  Designation of this action as a collective action on behalf of the previously described Collective Action Class and issuance of prompt notice as required under the FLSA;

B.  Naming Plaintiffs as the representatives of the Collective Action Class;

C.  Appointing Malamut & Associates, LLC as Collective Action Counsel for all purposes in this action;

D.  Ordering Defendants to produce in digital format the names and addresses of all members of the above described collective;

E.  Ordering Defendants to investigate and account for the number of hours worked by Plaintiffs and all similarly situated employees who co-opt into this action.

F.  An award of damages for all unpaid wages;

G.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

H.  An award for punitive damages;

I.  Judgement for any and all civil penalties to which the Plaintiffs and Collective Action Class Members may be entitled;

J.  Granting Plaintiffs and the members of the Collective Action Class such other and further relief, including, without limitation, injunctive and equitable relief, as the Court deems just in all the circumstances;

K.  Granting Collective Action Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity;

L.  Granting Plaintiffs an Incentive or Service Award reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

M. Such other and further relief as this Court deems just and proper.

## INDIVIUAL CLAIMS & PRAYERS FOR RELIEF

### COUNT FOUR
**Violations of the Fair Labor Standards Act**
*Plaintiff Lamont Hall, individually, against*
*Phoenix Defendants, Nandish Patel, and Suo Fang*

128.    Plaintiff LAMONT HALL repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

129.    At all times relevant hereto, Defendants were subject to the in violation of the Fair Labor Standards Act, 29 U.S.C. § 216 et seq.  ("FLSA").

130.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

131.   At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

132.   At all relevant times, the PHOENIX DEFENDANTS' gross revenues were in excess of $500,000 per year.

133.   At all relevant times, Defendants NANDISH PATEL and SUO FANG were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

134.   At all relevant times, Plaintiffs and similarly situated employees were "employees" of the Defendants under the FLSA.

135.   Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to the Plaintiff and similarly situated employees.

136.   Defendant PHOENIX NEXUS and/or the PHOENIX DEFENDANTS retaliated against Plaintiff LAMONT HALL by terminating his employment once he requested the overtime wages he was entitled to under the Fair Labor Standards Act.

137.   In fact, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant SUO FANG established a policy whereby any employees who complained about not being paid overtime would be terminated.

138.   The consequences suffered by Plaintiff LAMONT HALL were entirely consistent with that illegal policy.

139.   Plaintiff suffered and continues to suffer emotional distress, upset, and humiliation due to his termination.

140.   Plaintiff suffered and continues to suffer financial loss due to his termination.

141.    In addition, the financial loss contributes to Plaintiff LAMONT HALL's distress, upset, and humiliation.

142.    Lastly, the intentional and malicious actions of the Defendant NANDISH PATEL, DEFENDANT SUO FANG, and the PHOENIX DEFENDANTS, including their owners and upper-level managers, justify the imposition of punitive damages.

**WHEREFORE**, Plaintiffs request that the Court issue an Order and grant Judgment to Plaintiff LAMONT HALL, and against the PHOENIX DEFENDANTS, NANDISH PATEL, SUO FANG, JOHN DOES 1-100, and ABC CORPORATIONS 1-100, as follows:

A. An award of actual and compensatory damages, including but not limited to all unpaid wages and emotional distress;

B. An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

C. An award for punitive damages;

D. Judgement for any and all civil penalties to which the Plaintiff may be entitled;

E. Granting Plaintiff such other and further relief, including, without limitation, injunctive, and equitable relief, as the Court deems just in all the circumstances;

F. Granting Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

G. Such other and further relief as this Court deems just and proper.

## COUNT FIVE
### Violations of the Fair Labor Standards Act
*Plaintiff Alvin Lett, individually, against*
*Phoenix Defendants, Nandish Patel, and Suo Fang*

143.    Plaintiff ALVIN LETT repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

144.    At all times relevant hereto, Defendants were subject to the in violation of the Fair Labor Standards Act, 29 U.S.C. § 216 et seq.  ("FLSA").

145.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

146.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

147.    At all relevant times, the PHOENIX DEFENDANTS' gross revenues were in excess of $500,000 per year.

148.    At all relevant times, Defendants NANDISH PATEL and SUO FANG were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

149.    At all relevant times, Plaintiffs and similarly situated employees were "employees" of the Defendants under the FLSA.

150.    Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to the Plaintiff and similarly situated employees.

151.    Defendant PHOENIX NEXUS and/or the PHOENIX DEFENDANTS retaliated against Plaintiff LAMONT HALL by terminating his employment once he requested the overtime wages he was entitled to under the Fair Labor Standards Act.

152.    In fact, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant SUO FANG established a policy whereby any employees who complained about not being paid overtime would be terminated.

153.    The consequences suffered by Plaintiff ALVIN LETT were entirely consistent with that illegal policy.

154.    Plaintiff suffered and continues to suffer emotional distress, upset, and humiliation due to his termination.

155.    Plaintiff suffered and continues to suffer financial loss due to his termination.

156.    In addition, the financial loss contributes to Plaintiff ALVIN LETT's distress, upset, and humiliation.

157.    Lastly, the intentional and malicious actions of the Defendant NANDISH PATEL, DEFENDANT SUO FANG, and the PHOENIX DEFENDANTS, including their owners and upper-level managers, justify the imposition of punitive damages.

**WHEREFORE**, Plaintiffs request that the Court issue an Order and grant Judgment to Plaintiff ALVIN LETT, and against the PHOENIX DEFENDANTS, NANDISH PATEL, SUO FANG, JOHN DOES 1-100, and ABC CORPORATIONS 1-100, as follows:

A.  An award of actual and compensatory damages, including but not limited to all unpaid wages and emotional distress;

B.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

C.  An award for punitive damages;

D.  Judgement for any and all civil penalties to which the Plaintiff may be entitled;

E.  Granting Plaintiff such other and further relief, including, without limitation, injunctive, and equitable relief, as the Court deems just in all the circumstances;

F.  Granting Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

G.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by a jury of six (6) jurors as to all issues raised in these pleadings.

**MALAMUT & ASSOCIATES, LLC**
*Attorneys for Plaintiff*

*/s/ Mark R. Natale*
Mark R. Natale, Esquire – No. 316939

Christopher J. Keating, Esquire
*Pending Admission Pro Hac Vice*

Malamut & Associates, LLC
457 Haddonfield Rd, Suite 500
Cherry Hill, NJ 08002
Telephone: 856-424-1808
Fax: 856-424-2032
Email: mnatale@malamutlaw.com

Date:  March 3, 2022