**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMONT HALL, and | : | CIVIL ACTION NO. 2:22-cv-00777-KSM |
| | : | |
| ALVIN LETT, individually and on behalf of all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LITTLE CAESAR ENTERPRISES, INC., | : | JURY TRIAL DEMANDED |
| A Michigan Corporation; | : | |
| | : | |
| NANDISH PATEL, | : | |
| A Pennsylvania citizen; | : | |
| | : | |
| FANG SUO, | : | |
| A Pennsylvania citizen; | : | |
| | : | |
| PHOENIX NEXUS MANAGEMENT CORPORATION, | : | |
| A Pennsylvania corporation; | : | |
| | : | |
| PHOENIX NEXUS, LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| BARTELL RD SY LC LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| BLOOMFIELD LC LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| BROAD STREET LC LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| CENTRAL AVE SY LC LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| COMMERCE CIRCLE LC LLC, | : | |
| A Pennsylvania limited liability company; | : | |
| | : | |
| | : | |
| | : | |

COTTMAN LC LLC,                                     :
   A Pennsylvania limited liability company;   :
                                                      :

DELRAN NJ LC LLC,                                   :
   A Pennsylvania limited liability company;   :
                                                      :

FIFTH STREET LC LLC,                                :
   A Pennsylvania limited liability company;   :
                                                      :

FOULK RD DE LC LLC,                                 :
   A Pennsylvania limited liability company;   :
                                                      :

FRANKFORD LC LLC,                                   :
   A Pennsylvania limited liability company;   :
                                                      :

GOVERNORS PL DE LC LLC,                             :
   A Pennsylvania limited liability company;   :
                                                      :

HAMILTON LC LLC,                                    :
   A Pennsylvania limited liability company;   :
                                                      :

KIRKWOOD HWY DE LC LLC,                             :
   A Pennsylvania limited liability company;   :
                                                      :

KUTZTOWN RD LC LLC,                                 :
   A Pennsylvania limited liability company;   :
                                                      :

LANCASTER AVE LC LLC,                               :
   A Pennsylvania limited liability company;   :
                                                      :

LATIMER LC LLC,                                     :
   A Pennsylvania limited liability company;   :
                                                      :

LINCOLN HWY LC LLC,                                 :
   A Pennsylvania limited liability company;   :
                                                      :

MAIN ST SY LC LLC,                                  :
   A Pennsylvania limited liability company;   :
                                                      :

MANILUS ST SY LC LLC,                               :
   A Pennsylvania limited liability company;   :
                                                      :

NORTH ST SY LC LLC,                                 :
   A Pennsylvania limited liability company;   :
                                                      :

ONONDAGA BLVD SY LC LLC,  
   A Pennsylvania limited liability company;

OSWEGO RD SY LC LLC,  
   A Pennsylvania limited liability company;

PERKIOMEN AVE LC LLC,  
   A Pennsylvania limited liability company;

PULASKI HWY MD LC LLC,  
   A Pennsylvania limited liability company;

RISING SUN LC LLC,  
   A Pennsylvania limited liability company;

ROHRERSTOWN LC LLC,  
   A Pennsylvania limited liability company;

SALINA ST SY LC LLC,  
   A Pennsylvania limited liability company;

SECOND ST SY LC LLC,  
   A Pennsylvania limited liability company;

SEVENTH ST SY LC LLC,  
   A Pennsylvania limited liability company;

SOUTH STATE LC LLC,  
   A Pennsylvania limited liability company;

STATE RT SY LC LLC,  
   A Pennsylvania limited liability company;

WILLIAM DALTON DR LC LLC,  
   A Pennsylvania limited liability company;

YEADON LC LLC,  
   A Pennsylvania limited liability company;

ABC CORPORATIONS 1-100, and

JOHN DOES 1-100;

                Defendants.

3

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
& INDIVIDUAL CLAIMS FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT, CIVIL CONSPIRACY, AND NEGLIGENCE**

Plaintiffs LAMONT HALL and ALVIN LETT (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, Malamut & Associates, allege upon information and belief as follows:

## I.     BACKGROUND

1.      Plaintiffs, individually and on behalf of all others similarly situated, bring this action for unpaid overtime wages against Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, a management company that employs or has employed hundreds of individuals to work at the 33 Little Caesar Franchises in multiple states, including the State of Pennsylvania; the owners and/or managers-in-fact of Defendant PHOENIX NEXUS MANAGEMENT CORPORATION and Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL and Defendant FANG SUO; the 33 Little Caesar Franchises that are associated with and/or owned, managed, or controlled by the previously-named Defendants, and which also employ or act as joint employers of the employees discussed herein; and Defendant LITTLE CAESAR ENTERPRISES, INC.

2.      Each of the 33 Little Caesar Franchises is owned by its own distinct LLC and is staffed by its own employees and/or employees of Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, which acts as a joint employers.

3.      Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, its owners and upper-level management, and the 33 Little Caesar Franchises they own, operate, or otherwise control, have designed and implemented a wage-theft scheme to deprive their employees of their

owed overtime wages, which has resulted in a substantial number of current and former employees not being paid overtime wages for overtime hours they worked.

4.      Although Defendant LITTLE CAESAR ENTERPRISES, INC. retains substantial control over its franchisees, and it knew or should have known of its co-Defendants' wage-theft scheme, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to take any meaningful action to detect, intervene, or terminate the illegal wage-theft scheme.

5.      Plaintiffs now bring class and collective actions against the Defendants for all remedies to which they are entitled under state and federal law.

6.      Plaintiff LAMONT HALL and Plaintiff ALVIN LETT also bring individual claims for retaliation under the Fair Labor Standards Act.

## II.   <u>JURISDICTION AND VENUE</u>

7.      This Court has subject matter jurisdiction under the Collective Action Provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). As alleged herein, Defendants have failed to pay or have underpaid a hundred or more hourly wage workers their owed overtime wages in multiple states.

8.      This court can exercise supplemental jurisdiction over the pending state law claims.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as all Defendants are subject to personal jurisdiction in the State of Pennsylvania, all but one Defendant reside in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. The one Defendant who does not reside in this District, Defendant LITTLE CAESAR ENTERPRISES, INC., has availed itself to this District by regularly conducting business in the District.

III.    **THE PARTIES**

a.    **Plaintiffs**

i.    **Lamont Hall**

10.    Plaintiff LAMONT HALL is an adult individual who resides in the State of Delaware.

11.    In or around September 2021, Plaintiff LAMONT HALL was hired by the PHOENIX DEFENDANTS and began working at stores it owned, managed, or otherwise controlled in the State of Delaware.

12.    Plaintiff LAMONT HALL worked in excess of 40 hours during one or more work weeks and did not receive overtime rates for the overtime hours he worked.

13.    On or about January 14, 2022, Plaintiff LAMONT HALL complained to upper-level management that he was not being paid at overtime rates, including to a manager named Candace and an Acting Area Manager named Chen.

14.    On or about January 16, 2022, Plaintiff  LAMONT HALL was instructed to drop off his key and to pick up his W-2.

15.    In truth and in fact, Plaintiff LAMONT HALL was terminated in retaliation for requesting that he be paid his earned overtime wages to which he was entitled under the Fair Labor Standards Act.

ii.    **Alvin Lett**

16.    Plaintiff ALVIN LETT is an adult individual who resides in the State of Delaware.

17.    In or around June 2021, Plaintiff ALVIN LETT was hired by the PHOENIX DEFENDANTS and began working at stores it owned, managed, or otherwise controlled in the State of Delaware.

18.     Plaintiff ALVIN LETT worked in excess of 40 hours during one or more work weeks and did not receive overtime rates for the overtime hours he worked.

19.     On or about January 28, 2022, Plaintiff ALVIN LETT complained to upper-level management that he was not being paid at overtime rates, including to an Acting Area Manager named Chen.

20.     Soon after, Chen terminated Plaintiff ALVIN LETT.

21.     In truth and in fact, Plaintiff ALVIN LETT was terminated in retaliation for requesting that he be paid his earned overtime wages to which he was entitled under the Fair Labor Standards Act.

**b.     Defendants**

22.     Defendant LITTLE CAESAR ENTERPRISES, INC. is a business entity headquartered in Michigan and registered to do business in the State of Pennsylvania, which owns, franchises, operates, manages, or is otherwise engaged in business with its stores and franchisees in numerous States, including the State of Pennsylvania.

23.     Defendant PHOENIX NEXUS MANAGEMENT CORPORATION is a Pennsylvania corporation with its headquarters and principal place of business located in Langhorne, Pennsylvania, which owns, operates, manages, or is otherwise engaged in business with the 33 Little Caesar Franchises in multiple states, including the State of Pennsylvania.

24.     Defendant PHOENIX NEXUS, LLC is a Pennsylvania limited liability company with its headquarters and principal place of business located in Langhorne, Pennsylvania, which owns, operates, manages, or is otherwise engaged in business with the 33 Little Caesar Franchises in multiple states, including the State of Pennsylvania.

25.     Defendant BARTELL RD SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 5501 Bartell Road, Brewerton, New York 13029, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

26.     Defendant BLOOMFIELD LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 235 Bloomfield Drive, Lititz, Pennsylvania 17543, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

27.     Defendant BROAD STREET LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 4322 North Broad Street, Philadelphia, Pennsylvania 19140, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

28.     Defendant CENTRAL AVE SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 979 Central Avenue, Albany, New York 12205, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES,

INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

29.     Defendant COMMERCIAL CIRCLE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 214 Commercial Circle, Bristol, Pennsylvania 19007, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

30.     Defendant COTTMAN LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 2060 Cottman Avenue, Philadelphia, Pennsylvania 19149, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

31.     Defendant DELRAN NJ LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1971 North Olden Avenue, Ewing, New Jersey 08618, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

32.     Defendant FIFTH STEET LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 4701 North 5th Street Highway, Temple, Pennsylvania 19560, and which owns, operates, manages, or otherwise controls

the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

33.     Defendant FOULK RD DE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 2500 Foulk Road, Wilmington, Delaware 19810, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

34.     Defendant FRANKFORD LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 7107 Frankford Avenue, Philadelphia, Pennsylvania 19135, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

35.     Defendant GOVERNORS PL DE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1013 Governors Place, Bear, Delaware 19701, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

36.     Defendant HAMILTON LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1209 Hamilton

Avenue, Trenton, New Jersey 08629, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

37.     Defendant KIRKWOOD HWY DE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 3613-D Kirkwood Highway, Wilmington, Delaware 19808, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

38.     Defendant KUTZTOWN RD LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1920 Kutztown Road, Reading, Pennsylvania 19604, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

39.     Defendant LANCASTER AVE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 502 East Lancaster Avenue, Reading, Pennsylvania 19607, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

40.     Defendant LATIMER LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1401 Latimer Circle, Wilmington, Delaware 19805, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

41.     Defendant LINCOLN HWY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1643 Lincoln Highway East, Lancaster, Pennsylvania 17602, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

42.     Defendant MAIN ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 209 North Main Street, North Syracuse, New York 13212, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

43.     Defendant MANILUS ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 307 West Manlius Street, East Syracuse, New York 13057 and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES,

INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

44.     Defendant NORTH ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 61 North Street, Auburn, New York 13021, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

45.     Defendant ONONDAGA BOULEVARD SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 4713 Onondaga Boulevard, Unit 150, Syracuse, New York 13219, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

46.     Defendant OSWEGO ROAD SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 7871 Oswego Road, Liverpool, New York 13090, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

47.     Defendant PERKIOMEN AVE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 2851

Perkiomen Avenue, Reading, Pennsylvania 19606, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

48.     Defendant PULASKI HWY MD LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1197 East Pulaski Highway, Elkton, Maryland 21921, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

49.     Defendant RISING SUN LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 5694 Rising Sun Avenue, Philadelphia, Pennsylvania 19120, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

50.     Defendant ROHRERSTOWN LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 137 Rohrerstown Road, Lancaster, Pennsylvania 17603, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

51.     Defendant SALINA ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 4018 South Salina Street, Syracuse, New York 13205, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

52.     Defendant SECOND ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 160 South 2nd Street, Fulton, New York 13069, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

53.     Defendant SEVENTH ST SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 420 7th North Street, Liverpool, New York 13088, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

54.     Defendant SOUTH STATE LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 1111 South State Street, Ephrata, Pennsylvania 17522, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC.,

Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

55.     Defendant STATE RT SY LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 137 S.R. 104, Unit 2, Oswego, New York 13126, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

56.     Defendant WILLIAM DALTON DR LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 174 William Dalton Drive, Glassboro, New Jersey 08028, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

57.     Defendant YEADON LC LLC is a Pennsylvania limited liability company that maintains its principal place of business, an individual Little Caesars store, at 624 North White Horse Pike, Somerdale, New Jersey 08083, and which owns, operates, manages, or otherwise controls the business of that store in concert with Defendant LITTLE CAESAR ENTERPRISES, INC., Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, and Defendant FANG SUO.

58.     The 33 Little Caesar Franchises, discussed in Paragraphs 25 through 57, above, are herein referred to as the "33 Little Caesar Franchises".

59.     Defendants PHOENIX NEXUS MANAGEMENT CORPORATION, PHOENIX NEXUS, LLC, and the 33 Little Caesar Franchises, and other business entities whose identities are not yet known, who are pleaded in the Complaint as ABC CORPORATIONS 1-100, are herein collectively referred to as the "PHOENIX DEFENDANTS".

60.     Defendant NANDISH PATEL is an adult individual who at all times material hereto has resided in Pennsylvania.

61.     Defendant NANDISH PATEL is the owner and/or Chief Executive Officer and/or Managing Member of each of the PHOENIX DEFENDANTS and/or the manager-in-fact of the PHOENIX DEFENDANTS.

62.     Defendant FANG SUO is an adult individual who at all times material hereto has resided in Pennsylvania.

63.     Defendant FANG SUO is an owner and/or Vice President of Operations and/or upper-level manager of Defendant PHOENIX NEXUS MANAGEMENT CORPORATION and/or PHOENIX NEXUS, LLC, and is the manager-in-fact of the PHOENIX DEFENDANTS.

64.     Defendants, ABC CORPORATIONS 1-100 and/or JOHN DOES 1-100 are fictitious names representing one or more persons, partnerships, corporations, or other entities, whose identities are presently unknown to Plaintiff, and who are liable to Plaintiff as fully and completely as set forth herein as to any other Defendant and/or as "employers" as defined under the Fair Labor Standards Act. Despite diligent inquiry, the identities of these fictitious defendants are not known and will be more specifically named as the ongoing course of discovery reveals. Such fictitious defendants are liable to the Plaintiff for their own wrongful acts and omissions, and through vicarious liability, agency, and/or the doctrine of *respondeat superior* for the wrongful acts and omissions of any other named or fictitious defendant. Such wrongful acts may include,

17

but are not limited to, the wrongful acts and omissions of Defendants and/or any other person or entity involved, as described herein this Complaint.

IV.     **FACTS COMMON TO ALL COUNTS**

      a.     Corporate Hierarchy

Defendant LITTLE CAESAR ENTERPRISES, LLC, and/or the PHOENIX DEFENDANTS, and/or Defendant NANDISH PATEL, and/or Defendant FANG SUO own, manage, operate, or otherwise control the 33 Little Caesar Franchises in the following states: (13), New York (11), New Jersey (4), Delaware (4), and Maryland (1) (hereinafter referred to as the "33 Little Caesar Franchises").

       i.     *Little Caesar Enterprises, Inc. and the Phoenix Defendants*

65.     At all times material hereto, Defendant LITTLE CAESAR ENTERPRISES, INC. was and is engaged in franchise agreements with the PHOENIX DEFENDANTS.

66.     Defendant LITTLE CAESAR ENTERPRISES, INC. retained substantial control over the day-to-day operations of the PHOENIX DEFENDANTS.

67.     Defendant LITTLE CAESAR ENTERPRISES, INC. requires its franchisees and their employees to use its chosen time entry system – Zip Clock – to record all hours worked by each employee.

68.     Defendant LITTLE CAESAR ENTERPRISES, INC. also requires the PHOENIX DEFENDANTS to use its Caesar Vision software to track orders and sales.

69.     Zip Clock and Caesar Vision are two of several computer programs that comprise Defendant LITTLE CAESAR ENTERPRISES, INC.'s centralized software and data management systems ("Little Caesar's Systems").

70.     Defendant LITTLE CAESAR ENTERPRISES, INC. requires all of its franchisees to use its Little Caesar's Systems and other policies and procedures in the operation of their respective stores.

71.     Defendant LITTLE CAESAR ENTERPRISES, INC. retains the rights and ability to monitor all data collected by its Little Caesar Systems from all of its franchisee-owned locations, and to investigate and/or remedy any misconduct by any of the franchisees as demonstrated through the software programs and the data compiled therefrom.

72.     Defendant LITTLE CAESAR ENTERPRISES, INC. also requires its franchisees and management companies to agree to adhere to its corporate policies and procedures, routinely performs reviews of its franchisees, and investigates complaints submitted against stores by employees and customers.

73.     As one example, Section 4.5 of the franchise agreement it entered into with one of the 33 Little Caesar Franchises in New Jersey – DELRAN NJ LC LLC – stated:

> **Marketing, Management, and Operational Assistance.** Little Caesar shall provide such initial and continuing advice and assistance to Franchise in the marketing, management, and operation of the Restaurant as Little Caesar deems appropriate, at the time(s) and in the manner determined by Little Caesar.

74.     As another example, Section 4.6 of the same franchise agreement stated:

> **Inspections and Evaluations.** Little Caesar shall conduct, when and as frequently as it deems appropriate, without notice to the Franchisee, inspections of Franchisee's business premises and evaluations of the Restaurant management and operations, in order to assist Franchisee and to maintain the System's standards. Little Caesar may use designated agents, representatives, and outside consultants and vendors . . . to conduct such inspections, who shall have the right to take photographs, take video, remove samples of products, interview employees and customers, and inspect books, records, POS system data, and other documents and data relating to the operation of the Restaurant. Franchisee shall fully cooperate with such representatives during any such inspection.

75.     As yet another example, Section 5.20 stated:

**Data Ownership.** As between the parties, Little Caesar exclusively owns and reserves all right, title and interest in all data provided by Franchisee, uploaded to Little Caesar's system from Franchisee's system, and/or downloaded to Franchisee's system from Little Caesar's system, and Little Caesar will have the right to use such data in any manner that Little Caesar deems appropriate, without compensation to franchisee.

76.     Despite retaining this control, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to use its own mandated systems to prevent, detect, and/or terminate the wage theft scheme discussed herein.

*ii.     The Phoenix Defendants and their Little Caesar stores*

77.     Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, Defendant PHOENIX NEXUS, LLC, and the 33 Little Caesar Franchises are dominated and controlled by, and are alter egos of, Defendant NANDISH PATEL.

78.     Defendant PHOENIX NEXUS MANAGEMENT CORPORATION and Defendant PHOENIX NEXUS, LLC are controlled and operated by Defendant NANDISH PATEL and Defendant FANG SUO as one singular enterprise.

79.     Defendant PHOENIX NEXUS MANAGEMENT CORPORATION's President is Defendant NANDISH PATEL.

80.     Defendant PHOENIX NEXUS, LLC's members are Defendant NANDISH PATEL and Defendant PHOENIX NEXUS MANAGEMENT CORPORATION.

81.     Each of the 33 Little Caesar Franchises is owned by a separate LLC.

82.     Defendant NANDISH PATEL and Defendant PHOENIX NEXUS, LLC are members of each of the 33 separate and distinct LLCs that own the 33 Little Caesar Franchises.

83. The PHOENIX DEFENDANTS share common ownership and management under the supervision and control of their sole owner, Defendant NANDISH PATEL, and Defendant FANG SUO.

84. Defendant FANG SUO, the Vice President of Operations of Defendant PHOENIX NEXUS MANAGEMENT CORPORATION, in concert with Defendant NANDISH PATEL, controls the day-to-day operations of the PHOENIX DEFENDANTS.

85. Defendant NANDISH PATEL and Defendant FANG SUO create and enforce all policies and procedures of the PHOENIX DEFENDANTS, except those created and enforced (or not enforced) by Defendant LITTLE CAESAR ENTERPRISES, INC.

86. The PHOENIX DEFENDANTS recruit, hire, train, manage, supervise, discipline, and fire workers employed to work at the 33 Little Caesar Franchises.

87. The PHOENIX DEFENDANTS provide employee staffing and management services to the 33 Little Caesar Franchises.

88. The employees are told that they are employees of "Phoenix Nexus", but the employees receive their respective paychecks directly from the entity that owns the franchise at which each respective employee works.

89. Acting in concert, the PHOENIX DEFENDANTS have implemented a sophisticated wage-theft scheme that allows them to reap substantial financial gains by not paying employees some or all of their earned overtime wages.

90. Meanwhile, at times material hereto, the PHOENIX DEFENDANTS reaped the benefit of well over $1,000,000 in forgivable loans under the Paycheck Protection Program during the Covid-19 Pandemic, of which the employees were the intended beneficiaries, yet failed to pay the employees regular and overtime wages for the hours they worked.

b.    **Wage & Hour Violations**

91.    Plaintiffs and all other employees similarly situated are all individuals who work for, or have worked for, the Defendant LITTLE CAESAR ENTERPRISES, INC., the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant FANG SUO within the applicable statute of limitations.

92.    Plaintiffs and all other employees similarly situated were hourly wage earners.

93.    State and federal laws require employees to be paid at their normal wage rates for the first 40 hours they work in any given week, and for employees to be paid one-and-a-half times their normal rates (commonly referred to as "overtime rate" or "time-and-a-half") for all time worked in excess of the first 40 hours.

94.    Plaintiffs and Class Members regularly worked in excess of 40 hours in a given week.

95.    During his employment, Plaintiff LAMONT HALL learned and reported to his District Manager that he was not being paid overtime rates for overtime hours he worked.

96.    After being informed of the unpaid overtime wages, a management-level employee confirmed that Plaintiff LAMONT HALL, and other present and past employees of the PHOENIX DEFENDANTS, did work in excess of 40 hours in one or more weeks and were not paid overtime rates for the overtime hours they worked during those weeks.

97.    Plaintiffs were just two of many individuals whose labor was exploited and who were victimized by this wage-theft scheme.

98.    The wage-theft scheme of the PHOENIX DEFENDANTS was willful and intentional.

99. Because of the wage-theft scheme, present and past employees of the PHOENIX DEFENDANTS who worked at the 33 Little Caesar Franchises were not paid overtime rates for the overtime hours they worked.

100. In fact, this wage-theft scheme was and is the *modus operandi* of the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO, as they acted in concert to deprive workers of their earned wages.

101. At all times material hereto, the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO all knew that their employees were not being properly paid their overtime wages, and intentionally chose to continue not paying their employees the overtime wages to which they were entitled.

102. The PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO also actively sought to cover up their wage-theft scheme by terminating employees who became aware of the scheme, including but not limited to Plaintiffs and a former District Manager, Robert Hampton, and preventing employees from accessing their paystubs.

103. Once the PHOENIX DEFENDANTS became aware that the former District Manager, Robert Hampton, was educating employees on their unpaid overtime, and/or that they faced civil or criminal litigation, the PHOENIX DEFENDANTS filed a false police report with law enforcement in Delaware, which included false allegations that Robert Hampton was stealing money from the PHOENIX DEFENDANTS.

104. The PHOENIX DEFENDANTS knew those allegations were false at the time they were reported to law enforcement and the criminal complaint was filed.

105. Filing police reports, or threatening to file police reports, alleging allegations of theft is a tactic that has also been used to punish and retaliate against other employees in the past,

and is a tactic used to protect their illegal business practices, including their willful and intentional violations of state and federal wage payment and minimum wage laws.

106.    The knowledge of the unpaid and underpaid overtime wages, as well as the retaliatory actions taken against employees who reported the issue, prove that the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO acted willfully and intentionally in implementing and executing the wage-theft scheme.

107.    The wage-theft scheme impacted, and continues to impact, all of the former and current employees who were and/or are paid by the hour and will impact future employees until the Defendants cease their illegal activities.

108.    Absent judicial intervention, present and future hourly-wage employees of Defendants LITTLE CAESAR ENTERPRISES, INC., the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO will continue to suffer economic damages.

109.    By engaging in this wage-theft scheme, the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO profit doubly, by keeping overtime wages owed to their employees and by keeping money owed to the state and federal governments for payroll taxes and other tax obligations, and in the recent past have profited by receiving PPP loan funds that were intended for employee wages but did not use those funds to pay overtime wages.

110.    By engaging in this pattern and practice of wage theft and fraud, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant FANG SUO have reaped, and will continue to reap, substantial financial gains.

111.    Those financial gains have been used to finance their personal expenses and to grow and expand their business interests of the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO in multiple states.

112.    By reinvesting the illicit proceeds of their wage-theft scheme into their otherwise legitimate business ventures, which are presently named in this Complaint as ABC Corporations 1-100, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant FANG SUO have been able to further amass substantial profits and continue to enjoy the fruits of their employees' unpaid and/or underpaid labor.

113.    Defendant LITTLE CAESAR ENTERPRISES, INC. also shared in the profits of the PHOENIX DEFENDANTS, directly and/or indirectly, while having knowledge of the PHOENIX DEFENDANTS' serious and persistent violations of corporate policies and procedures.

114.    The decision of Defendant LITTLE CAESAR ENTERPRISES, INC. to acquiesce to the illegal business practices of PHOENIX DEFENDANTS, despite having sufficient knowledge and ability to intervene, was willful and intentional, as Defendant LITTLE CAESAR ENTERPRISES, INC. consciously chose to not risk an interruption to the profits earned through its franchisees and to place its profits over its employees.

      **c.**      <u>**Defendant LITTLE CAESAR ENTERPRISES, INC. failed to act/intervene against the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO**</u>

115.    Defendant LITTLE CAESAR ENTERPRISES, INC. retains the contractual right and abilities to supersede the authority of and/or force compliance on the PHOENIX DEFENDANTS, under certain circumstances, but has acquiesced to the PHOENIX DEFENDANTS in their clear and rampant violations of its policies and procedures as well as state and federal laws.

116.    By way of the franchise contracts and/or the employment contracts and the actual performance of services rendered by Plaintiffs and all other employees similarly situated, Defendant LITTLE CAESAR ENTERPRISES, INC. retained control over and/or actively

participated in the manner, means, and supervision of the work performed by Plaintiffs and all other employees similarly situated.

117.   In addition, Defendant LITTLE CAESAR ENTERPRISES, INC. retained control of much of the operations of the PHOENIX DEFENDANTS, including the means of collecting and tracking hours worked by employees and monitoring and forcing compliance on its stores that were not in compliance with its policies and procedures.

118.   Defendant LITTLE CAESAR ENTERPRISES, INC. retained significant control over the Little Caesars brand, employee dress code, and the policies and procedures governing day-to-day operations of its stores.

119.   Defendant LITTLE CAESAR ENTERPRISES, INC. also retained the ability to perform quality and compliance checks on its stores and to investigate allegations of violations of its policies and procedures.

120.   Before and during all times material hereto, Defendant LITTLE CAESAR ENTERPRISES, INC. has formally and informally reprimanded the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant FANG SUO on numerous occasions for violations of Defendant LITTLE CAESAR ENTERPRISES, INC.'s contracts, rules, policies, and procedures, but it has failed to take any meaningful steps to remedy the issues of unpaid and underpaid wages, discrimination, and retaliation at their stores.

121.   Upon information and belief, Defendant LITTLE CAESAR ENTERPRISES, INC. has placed one or more of the PHOENIX DEFENDANTS on probationary status, or its equivalent, on one more than one occasion, before and during the periods of time material hereto.

122.    Defendant LITTLE CAESAR ENTERPRISES, INC. has received multiple complaints concerning unpaid or underpaid wages, via its website submission portal and orally, concerning the PHOENIX DEFENDANTS and/or other franchisees.

123.    In response, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to reasonably and adequately respond to, investigate, or otherwise remedy the conduct of the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant FANG SUO.

124.    Defendant LITTLE CAESAR ENTERPRISES, INC. failed on countless occasions to prevent the conditions that led to unpaid and underpaid wages suffered by Plaintiffs and all other employees similarly situated.

125.    For example, Defendant LITTLE CAESAR ENTERPRISES, INC. failed to use its Zip Clock time management system to confirm employees were working overtime hours and/or not receiving overtime wages.

126.    Defendant LITTLE CAESAR ENTERPRISES, INC. had complete control over the Zip Clock system, and the website complaint portal, and therefore it had actual or constructive notice that employees were working over 40 hours each week and of the unpaid and underpaid wages at issue.

127.    Further, Defendant LITTLE CAESAR ENTERPRISES, INC. was and is on notice that other franchisees have been sued in other jurisdictions in recent years for violations of state and federal wage and hour laws, including in New York in or around 2017, and in California in or around 2019, and yet has taken no measures to prevent the same conduct by other franchisees.

128.    In addition, in or around 2020 and 2021, seven Little Caesar stores in Tennessee were investigated and fined $161,050 for a wide range of violations of the Fair Labor Standards Act, including but not limited to failing to pay workers the minimum wage and overtime, and

violations of child labor laws, and yet Defendant LITTLE CAESAR ENTERPRISES, INC. has taken no measures to prevent the same conduct by other franchises.

129.   Defendant LITTLE CAESAR ENTERPRISES, INC. could have and should have taken measures to intervene, or cease, the operations of the PHOENIX DEFENDANTS and/or its illegal wage practices, but instead placed profits over its people and turned a blind eye to the illicit conduct of the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant FANG SUO.

130.   Also, as the franchisor with the ability to control, in whole or in part, the operations of the PHOENIX DEFENDANTS, Defendant LITTLE CAESAR ENTERPRISES, INC. owed a duty to all of its employees and/or agents and the employees and/or agents of its franchisees, to protect them from violations of state and federal wage payment laws and anti-retaliation laws, of which Defendant LITTLE CAESAR ENTERPRISES, INC. knew or should have known were occurring in its franchisees owned, operated, managed, or otherwise controlled, in whole or in part, by the PHOENIX DEFENDANTS.

131.   Defendant LITTLE CAESAR ENTERPRISES, INC. breached that standard of care owed to Plaintiff by: (1) failing to train on, establish, monitor, and/or enforce compliance with its policies and procedures on time keeping, payroll, wage payment, and anti-whistleblowing, and (2) failing to appropriately intervene in the operations of its franchisees upon learning of its policies and procedures and violations of state and federal laws.

132.   Finally, on April 20, 2022, Defendant LITTLE CAESAR ENTERPRISES, INC. filed a lawsuit in the United States District Court for the Eastern District of Michigan, under docket number 2:22-cv-10846-LVP-KGA, against Defendant PHOENIX NEXUS, LLC, Defendant NANDISH PATEL, the 33 Little Caesar Franchises, and others, alleging that it terminated its

franchise agreements with those defendants based on breaches of those respective franchise agreements, which seeks injunctive, monetary, and other relief against those defendants related to the "Defendants' continued, unauthorized use and enjoyment of Little Caesar's confidential business system" and other violations of the franchise agreements ("EDMI Complaint"). *See EDMI Compl.,* 2:22-cv-10846-LVP-KGA, Introduction, P. 5.

133.    Although the EDMI Complaint alleges a wide array of breaches by the PHOENIX DEFENDANTS, it makes no reference to the underpayment of wages or retaliation against employees, demonstrating that Defendant LITTLE CAESAR ENTERPRISES, INC. still refuses to acknowledge and take seriously those issues which are running rampant throughout its franchises, resulting in unpaid and underpaid overtime wages and retaliation.

## V.    Class Action Allegations

134.    Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

135.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves, respectively, and all other persons similarly situated ("Class Action Class Members" or "members of the Class Action Class").

136.    The proposed Nationwide Class ("Class Action Class") is defined to include:

> **All current and former employees of any one or more of the PHOENIX DEFENDANTS, who, within <u>two</u> years of the date of filing this civil action, and during the course of their employment with one or more of the PHOENIX DEFENDANTS in any jurisdiction, worked in excess of 40 hours in any one week and were not compensated, on time or at all, with overtime rates for their overtime work.**

137.    The members of the proposed Class Action Class, being geographically disbursed and possibly numbering in the hundreds, are so numerous that joining all of them is impracticable.

138.    Plaintiffs' claims are typical of the claims of the Class Action Class because the claims are based on the same legal and remedial theories.

139.    Plaintiffs will fairly and adequately protect the interests of all Class Action Class Members in the prosecution of this action and in the administration of all matters relating to the claims stated herein.

140.    Plaintiffs are similarly situated with, and have suffered similar injuries as, the Class Action Class Members that they seek to represent.

141.    Plaintiffs have retained counsel experienced in complex litigation and class action cases.

142.    Neither Plaintiffs nor counsel have any interest that may cause them to not vigorously pursue this action.

143.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because:

      a.   The damages sustained by individual members of the Class are in amounts that may be too small to justify the expense of separate lawsuits. The individual claims in the aggregate, however, make litigation financially feasible;

      b.   Concentration of the litigation concerning this matter in this Court is desirable;

      c.   Failure of justice will result from the absence of a class action; and

      d.   The Class and the difficulties likely to be encountered in the management of this class action are not great.

144.    There are questions of law and fact common to the members of the Class that predominate over questions of law or fact affecting only individual members. These questions of law or fact are common to all members of the Class include, but are not limited to:

a. Whether Defendants, the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO, conspired to commit wage theft and steal or withhold overtime wages from their employees for their own profit;

b. Whether Defendants, the PHOENIX DEFENDANTS, NANDISH PATEL, and FANG SUO, committed wage theft by failing to pay overtime rates to their employees for their own profit;

c. Whether Defendant LITTLE CAESAR ENTERPRISES, INC. owed a duty to Plaintiffs and Class Action Class Members to detect, prevent, and/or intervene in the wage-theft scheme;

d. Whether Defendant LITTLE CAESAR ENTERPRISES, INC. breached the duty it owed to Plaintiffs and Class Action Class Members by failing to protect them from the wage-theft scheme.

e. Whether injunctive relief is required to halt Defendants' continuous violations of state and federal law.

## CLASS ACTION CLAIMS & PRAYER FOR RELIEF

### COUNT ONE
### Civil Conspiracy
*Plaintiffs, individually and on behalf of Class Action Class Members, against Phoenix Defendants, Nandish Patel, and FANG SUO*

145.  Plaintiffs repeat and re-allege the allegations set forth in all other paragraphs of this Complaint as if they were set forth in full herein.

146.  Acting in concert, the PHOENIX DEFENDANTS, and the owners and upper-level management of those companies, and their employees and agents, and Defendant NANDISH

31

PATEL and Defendant FANG SUO, conspired in devising and implementing a wage-theft scheme to deprive their workers of overtime wages for overtime hours they worked.

147.    Failure to pay overtime rates is an unlawful practice under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 216 <u>et</u> <u>seq</u>., and under the laws of all states in which the PHOENIX DEFENDANTS operate.

148.    By acting in concert to deprive Class Members of their owed wages, Defendant NANDISH PATEL, Defendant FANG SUO, and the PHOENIX DEFENDANTS, intentionally and tortiously conspired to interfere with the Class Members' employment contracts and contractual relationships, which, by law, required the payment of overtime wages.

149.    The co-conspirators succeeded in their wage-theft scheme and achieved substantial profits as the result of their collective success.

150.    As a result of the successful conspiracy, Plaintiffs and Class Action Class Members suffered and continue to suffer damages.

151.    The co-conspirators have reinvested some or all of the unpaid wages back into their operations, which have allowed them to expand their operations and reap additional profits off the backs of their underpaid employees.

152.    Lastly, the outrageous, intentional, and malicious actions of the PHOENIX DEFENDANTS, and its owners and upper-level managers, and Defendant NANDISH PATEL and Defendant FANG SUO, justify the imposition of punitive damages.

## COUNT TWO
### Negligence
*Plaintiffs, individually and on behalf of Class Action Class Members, against*
*Little Caesar Enterprises, Inc.*

153.    Plaintiffs repeat and re-allege the allegations set forth in all other paragraphs of this Complaint as if they were set forth in full herein.

154.    As set forth above, at all times material, Plaintiffs and the Class Action Class Members were employees or agents acting within the course and scope of their employment and/or agency with the PHOENIX DEFENDANTS and Defendant LITTLE CAESAR ENTERPRISES, INC.

155.    As a franchisor that maintained substantial ability to control, in whole or in part, the operations of the PHOENIX DEFENDANTS, Defendant LITTLE CAESAR ENTERPRISES, INC. owed a duty to all of its employees and/or agents and the employees and/or agents of its franchisees, to protect them from violations of state and federal wage payment laws and anti-retaliation laws, of which Defendant LITTLE CAESAR ENTERPRISES, INC. knew or should have known were occurring in its franchisees owned, operated, managed, or otherwise controlled, in whole or in part, by the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and/or Defendant FANG SUO.

156.    Defendant LITTLE CAESAR ENTERPRISES, INC. breached that standard of care owed to Plaintiff by: (1) failing to establish, monitor, and/or enforce compliance with its policies and procedures on time keeping and paying owed wages, and (2) failing to appropriately detect or prevent the underpayment of overtime wages and/or intervene in the operations of its franchisees upon learning of its violations of state and federal laws.

157.    But for Defendant LITTLE CAESAR ENTERPRISES, INC.'s failure to monitor and timely intervene in the operations of the PHOENIX DEFENDANTS, Plaintiffs and proposed

Class Action Class Members would not have fallen victim to the wage-theft scheme described herein.

158.    As a direct result of these and other wrongful acts and omissions of Defendant LITTLE CAESAR ENTERPRISES, INC., Plaintiffs and Class Action Class Members were caused to suffer damages, including economic losses and/or emotional distress, and they will continue to incur such injuries and/or damages into the future.

**WHEREFORE**, Plaintiffs request that the Court issue an Order and grant Judgment to Plaintiffs and the Class Members as follows:

A. Certifying this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

B. Naming Plaintiffs as the representatives of the members of the Class Action Class;

C. Appointing Malamut & Associates, LLC as Class Counsel for all purposes in this action;

D. An award of damages for all unpaid wages;

E. An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

F. An award for punitive damages;

G. An award commensurate to the financial gains reaped by the Defendants by keeping and reinvesting the fruits of their illicit wage-theft scheme back into their business operations;

H. Judgement for any and all civil penalties to which Plaintiffs and Class Action Class Members may be entitled;

I.  Granting Plaintiffs and the members of the Class Action Class such other and further relief, including, without limitation, injunctive and equitable relief, as the Court deems just in all the circumstances;

J.  Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity;

K.  Granting Plaintiffs an Incentive or Service Award reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

L.  Such other and further relief as this Court deems just and proper.

## COLLECTIVE ACTION CLAIM & PRAYER FOR RELIEF

### COUNT THREE
**Collective Action for Violations of the Fair Labor Standards Act**
*Plaintiffs, individually and on behalf of Collective Action Class Members, against*
*Phoenix Defendants, Nandish Patel, FANG SUO, and Little Caesar Enterprises, Inc.*

159.    Plaintiffs repeat and re-allege the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

160.    At all times relevant hereto, Defendants were subject to the Fair Labor Standards Act, 29 U.S.C. § 216 et seq. ("FLSA").

161.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches, and Defendants NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES, INC., were "employers" under the FLSA.

162.    At all relevant times, the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES, INC. acted as, and continue to act as, joint employers under the FLSA and relevant case law.

163.    Defendants NANDISH PATEL and FANG SUO were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

164.    Further, Defendants NANDISH PATEL and FANG SUO were the individuals who devised, implemented, and enforced the wage-theft scheme that resulted in the FLSA violations discussed herein.

165.    At all relevant times, the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES, INC., their corporate subsidiaries, and their corporate branches, were "engaged in commerce" within the meaning of the FLSA.

166.    At all relevant times, the PHOENIX DEFENDANTS' and LITTLE CAESAR ENTERPRISES, INC.'s gross revenues were in excess of $500,000 per year.

167.    At all relevant times, Plaintiffs and similarly situated employees were "employees" of the Defendants under the FLSA.

168.    Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to Plaintiffs and similarly situated employees.

169.    The PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES, INC. failed to pay Plaintiffs and other employees overtime wages, at all and/or on time, for time worked in excess of 40 hours in any given week, in violation of the FLSA.

170.    The PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES INC., knew and/or showed reckless disregard for the fact their conduct violated the FLSA.

171.    The overtime requirement is a cornerstone of the FLSA, applicable to all employers who are covered under the act.

172.    By law, the PHOENIX DEFENDANTS and LITTLE CESEAR ENERPRISES, INC. were required to display a poster in a conspicuous location making sure that all of their employees – both hourly workers and management – knew that overtime pay was at least 1 ½ times the regular rate of pay for all hours worked over 40 in a workweek.

173.    It is irrefutable that the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES INC., knew of the overtime requirements, or failed to know because they showed a reckless disregard for their obligations under the FLSA.

174.    Similarly, the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES INC., knew that the overtime requirement was routinely violated at the expense of Plaintiffs and the Collective Action Class Members.

175.    Multiple employees complained about the violation of the overtime requirement directly to management.

176.    Management employees did not rebut the alleged violation of the FLSA, and instead acknowledged it.

177.   Rather than being met with rebuttal, explanation, or correction, those who complained about the FLSA violations were met with retaliatory and punitive action designed to silence their complaints.

178.   The actions taken by the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES INC., to silence anyone who complained about not being paid overtime was a tacit acknowledgement that the Defendants were aware the overtime requirement of the FLSA was routinely violated.

179.   The PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, and LITTLE CAESAR ENTERPRISES, INC., never displayed – through communications or actions – any indication that they were confused, mistaken, or making a good faith error in their violations of the FLSA.

180.   Instead, it was clear that the Defendants knew or showed reckless disregard for their rampant FLSA violations.

181.   As a result, Plaintiffs and similarly situated employees have suffered damages, including but not limited to unpaid overtime wages.

182.   Plaintiffs bring this action pursuant to the Collective Action Provision of the FLSA, 29 U.S.C. § 216(b), on behalf of a class consisting of themselves and similarly situated employees ("Collective Action Class"), defined as:

> **All current and former employees of any one or more of the PHOENIX DEFENDANTS, who, within <u>three</u> years of the date of filing this civil action, and during the course of their employment with one or more of the PHOENIX DEFENDANTS in any jurisdiction, worked in excess of 40 hours in any one week and were not compensated, on time or at all, with overtime rates for their overtime work.**

Plaintiff reserves the right to amend the collective action definition.

183.    A collective action is appropriate because the employees as described above perform the same or similar job functions, were subject to the same or similar unlawful practices, and have claims that are based on the same or similar factual and legal theories.

184.    A precise number of members of the collective is currently unknown but would be easily computed by looking at Defendants' payroll records.

185.    Upon information and belief, the amount of employees in the collective exceeds 100.

186.    Defendants' failure to pay Plaintiffs and similarly situated employees was a universal policy that did not depend on the personal circumstances of any individual Plaintiff or member of the collective.

187.    As a result of the foregoing, Plaintiffs and employees similarly situated to them were denied the wages they earned, and were denied overtime wages, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216 (b).

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated employees, respectfully request that the Court issue an Order granting the following relief:

A. Designation of this action as a collective action on behalf of the previously described Collective Action Class and issuance of prompt notice as required under the FLSA;

B. Naming Plaintiffs as the representatives of the Collective Action Class;

C. Appointing Malamut & Associates, LLC as Collective Action Counsel for all purposes in this action;

D. Ordering Defendants to produce in digital format the names and addresses of all members of the above described collective;

E.  Ordering Defendants to investigate and account for the number of hours worked by Plaintiffs and all similarly situated employees who co-opt into this action.

F.  An award of damages for all unpaid wages;

G.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

H.  An award for punitive damages;

I.  Judgement for any and all civil penalties to which the Plaintiffs and Collective Action Class Members may be entitled;

J.  Granting Plaintiffs and the members of the Collective Action Class such other and further relief, including, without limitation, injunctive and equitable relief, as the Court deems just in all the circumstances;

K.  Granting Collective Action Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity;

L.  Granting Plaintiffs an Incentive or Service Award reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

M.  Such other and further relief as this Court deems just and proper.

## INDIVIUAL CLAIMS & PRAYERS FOR RELIEF

### COUNT FOUR
**Violations of the Fair Labor Standards Act**
*Plaintiff Lamont Hall, individually, against*
*Phoenix Defendants, Nandish Patel, and FANG SUO*

188.    Plaintiff LAMONT HALL repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

189.    At all times relevant hereto, Defendants were subject to the Fair Labor Standards Act, 29 U.S.C. § 216 et seq.  ("FLSA").

190.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

191.    At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

192.    At all relevant times, the PHOENIX DEFENDANTS' gross revenues were in excess of $500,000 per year.

193.    At all relevant times, Defendants NANDISH PATEL and FANG SUO were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

194.    At all relevant times, Plaintiff was an "employee" of the Defendants under the FLSA.

195.    Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to Plaintiff.

196.     The PHOENIX DEFENDANTS retaliated against Plaintiff LAMONT HALL by terminating his employment once he requested the overtime wages he was entitled to under the Fair Labor Standards Act.

197.     In fact, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant FANG SUO established a policy whereby any employees who complained about not being paid overtime would be terminated.

198.     The consequences suffered by Plaintiff LAMONT HALL were entirely consistent with that illegal policy.

199.     Plaintiff suffered and continues to suffer emotional distress, upset, and humiliation due to his termination.

200.     Plaintiff suffered and continues to suffer financial loss due to his termination.

201.     In addition, the financial loss contributes to Plaintiff LAMONT HALL's distress, upset, and humiliation.

202.     Lastly, the intentional and malicious actions of the Defendant NANDISH PATEL, DEFENDANT FANG SUO, and the PHOENIX DEFENDANTS, including their owners and upper-level managers, justify the imposition of punitive damages.

**WHEREFORE**, Plaintiff LAMONT HALL requests that the Court issue an Order and grant Judgment to Plaintiff LAMONT HALL, and against the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, JOHN DOES 1-100, and ABC CORPORATIONS 1-100, as follows:

A.  An award of actual and compensatory damages, including but not limited to all unpaid wages and emotional distress;

B.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

C.  An award for punitive damages;

D.  Judgement for any and all civil penalties to which the Plaintiff may be entitled;

E.  Granting Plaintiff such other and further relief, including, without limitation, injunctive, and equitable relief, as the Court deems just in all the circumstances;

F.  Granting Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

G.  Such other and further relief as this Court deems just and proper.


## COUNT FIVE
### Violations of the Fair Labor Standards Act
*Plaintiff Alvin Lett, individually, against*
*Phoenix Defendants, Nandish Patel, and FANG SUO*

203.   Plaintiff ALVIN LETT repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

204.   At all times relevant hereto, Defendants were subject to the Fair Labor Standards Act, 29 U.S.C. § 216 et seq. ("FLSA").

205.   At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

206.   At all relevant times, the PHOENIX DEFENDANTS, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

207.    At all relevant times, the PHOENIX DEFENDANTS' gross revenues were in excess of $500,000 per year.

208.    At all relevant times, Defendants NANDISH PATEL and FANG SUO were individuals with significant ownership interest in the PHOENIX DEFENDANTS, who exercised day-to-day control of company operations, and who were personally involved in the payment of employees, thus making them individually liable under the FLSA.

209.    At all relevant times, Plaintiff was an "employee" of the Defendants under the FLSA.

210.    Thus, at all relevant times, the PHOENIX DEFENDANTS were liable under the FLSA for the rights and obligations owed to Plaintiff.

211.    The PHOENIX DEFENDANTS retaliated against Plaintiff LAMONT HALL by terminating his employment once he requested the overtime wages he was entitled to under the Fair Labor Standards Act.

212.    In fact, the PHOENIX DEFENDANTS, Defendant NANDISH PATEL, and Defendant FANG SUO established a policy whereby any employees who complained about not being paid overtime would be terminated.

213.    The consequences suffered by Plaintiff ALVIN LETT were entirely consistent with that illegal policy.

214.    Plaintiff suffered and continues to suffer emotional distress, upset, and humiliation due to his termination.

215.    Plaintiff suffered and continues to suffer financial loss due to his termination.

216.    In addition, the financial loss contributes to Plaintiff ALVIN LETT's distress, upset, and humiliation.

217.    Lastly, the intentional and malicious actions of the Defendant NANDISH PATEL, DEFENDANT FANG SUO, and the PHOENIX DEFENDANTS, including their owners and upper-level managers, justify the imposition of punitive damages.

**WHEREFORE**, Plaintiff ALVIN LETT requests that the Court issue an Order and grant Judgment to Plaintiff ALVIN LETT, and against the PHOENIX DEFENDANTS, NANDISH PATEL, FANG SUO, JOHN DOES 1-100, and ABC CORPORATIONS 1-100, as follows:

A.  An award of actual and compensatory damages, including but not limited to all unpaid wages and emotional distress;

B.  An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay overtime wages and/or failure to pay overtime wages on time when they were due;

C.  An award for punitive damages;

D.  Judgement for any and all civil penalties to which the Plaintiff may be entitled;

E.  Granting Plaintiff such other and further relief, including, without limitation, injunctive, and equitable relief, as the Court deems just in all the circumstances;

F.  Granting Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort, and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity; and

G.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by a jury of six (6) jurors as to all issues raised in these pleadings.

**MALAMUT & ASSOCIATES, LLC**
*Attorneys for Plaintiffs*

*/s/ Christopher J. Keating*_____
Christopher J. Keating, Esquire – No. 331187
Mark R. Natale, Esquire – No. 316939

Malamut & Associates, LLC
457 Haddonfield Rd, Suite 500
Cherry Hill, NJ 08002
Telephone: 856-424-1808
Fax: 856-424-2032
Email:  mnatale@malamutlaw.com
            ckeating@malamutlaw.com

Date:  <u>July 26, 2022</u>